UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARAH HOFMA,

    **Plaintiff,**

v.                                                Case No:

CREDIT CONTROL, LLC,

    **Defendant.**                        **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **SARAH HOFMA** ("Ms. Hofma" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **CREDIT CONTROL, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by continuing to call Ms. Hofma's work telephone after Ms. Hofma demanded that Defendant stop calling her work telephone, by contacting Ms. Hofma's employer without her prior written permission, and by disclosing information regarding the alleged Debt to Ms. Hofma's coworkers when Defendant knew or had reason to know that Ms. Hofma's

coworkers did not have a legitimate business need for the information, which can all reasonably be expected to harass Ms. Hofma.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Hofma, was and is a natural person and, at all times material hereto, is an adult, a resident of Volusia County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of MO and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

6. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Defendant" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

## *Statements of Fact*

7. Ms. Hofma opened a personal Sam's Club credit card with Synchrony Bank ("Account").

8. Sometime thereafter, Ms. Hofma encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. Synchrony Bank then sold, assigned, or transferred the Account to Defendant.

10. In or around June of 2019, Defendant began placing calls to Ms. Hofma's work telephone number, 407-***-1011 ("Ms. Hofma's Work Telephone"), in attempts to collect the Debt.

11. For example, on June 6, 2019, Defendant called Ms. Hofma's Work Telephone and represented itself to Ms. Hofma's receptionist that it was a debt collector and was calling about a personal collection matter for Ms. Hofma.

12. Ms. Hofma's receptionist then went to Ms. Hofma's office that is shared with other coworkers and informed Ms. Hofma that Defendant had called regarding a personal collections matter.

13. Ms. Hofma then answered the telephone, and demanded that Defendant stop calling her Work Telephone because she shared an office.

14. Despite Ms. Hofma's demand, Defendant continued to place calls to Ms. Hofma's Work Telephone in attempts to collect the Debt.

15. For example, on July 2, 2019, Defendant called Ms. Hofma's Work Telephone again in attempts to collect the Debt.

16. Again, Ms. Hofma answered Defendant's call and demanded that Defendant stop calling her Work Telephone.

17. Defendant called Ms. Hofma's Work Telephone from several different telephone numbers, including, but not limited to: 866-417-5776.

18. All of Defendant's calls to Ms. Hofma's Work Telephone were placed in an attempt to collect the Debt.

19. Defendant has harassed Ms. Hofma due to the timing and content of Defendant's calls.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

20. Ms. Hofma re-alleges paragraphs 1-19 and incorporates the same herein by reference.

21. Ms. Hofma is a "consumer" within the meaning of the FDCPA.

22. The subject debt is a "consumer debt" within the meaning of the FDCPA.

23. Defendant is a "debt collector" within the meaning of the FDCPA.

24. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(a)(3) by calling Ms. Hofma's Work Telephone when Defendant knew or had reason to know Ms. Hofma's employer prohibits Ms. Hofma from receiving such communication because Ms. Hofma had never directly given Defendant permission to contact her employer, and had told Defendant to stop calling her Work Telephone.

  b. Defendant violated 15 U.S.C. § 1692c(b) by communicating with Ms. Hofma's place of employment in connection with collection of the alleged Debt.

  c. Defendant violated 15 U.S.C. § 1692d by continuing to call Ms. Hofma's Work Telephone in attempts to collect the alleged Debt after she demanded Defendant stop calling her Work Telephone.

25. As a result of the above violations of the FDCPA, Ms. Hofma has been subjected to illegal collection activities for which she has been damaged.

26. Defendant's actions have damaged Ms. Hofma by causing her embarrassment

27. Defendant's actions have damaged Ms. Hofma by causing her anxiety.

28. Defendant's actions have damaged Ms. Hofma by causing her aggravation.

29. Defendant's actions have damaged Ms. Hofma by being an annoyance.

30. Defendant's actions have damaged Ms. Hofma by invading her privacy.

31. Defendant's actions have damaged Ms. Hofma by harming her reputation.

32. It has been necessary for Ms. Hofma to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

33. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems just and equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")

34. Ms. Hofma re-alleges paragraphs 1-19 and incorporates the same herein by reference.

35. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(4) by calling Ms. Hofma's Work Telephone without Ms. Hofma's written permission and before obtaining any final judgment against Ms. Hofma.

    b. Defendant violated Fla. Stat. § 559.72(5) by disclosing information regarding the alleged Debt to Ms. Hofma's coworkers that affected Ms. Hofma's reputation, with knowledge or reason to know that Ms.Hofma's coworkers did not have a business need for the information.

    c. Defendant violated Fla. Stat. § 559.72(7) by continuing to call Ms. Hofma's Work Telephone despite her several

demands that Defendant stop calling her Work Telephone, which can reasonably be expected to harass Ms. Hofma.

36. As a result of the above violations of the FCCPA, Ms. Hofma has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

37. Defendant's actions have damaged Ms. Hofma by causing her embarrassment

38. Defendant's actions have damaged Ms. Hofma by causing her anxiety.

39. Defendant's actions have damaged Ms. Hofma by causing her aggravation.

40. Defendant's actions have damaged Ms. Hofma by being an annoyance.

41. Defendant's actions have damaged Ms. Hofma by invading her privacy.

42. Defendant's actions have damaged Ms. Hofma by harming her reputation.

43. It has been necessary for Ms. Hofma to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

44. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Sarah Hofma, demands a trial by jury on all issues so triable.

Respectfully submitted this **July 31, 2019**,

    */s/ Michael A. Ziegler*
    Michael A. Ziegler, Esq.
    Florida Bar No. 74864
    mike@zieglerlawoffice.com

    */s/ Kaelyn Steinkraus*
    Kaelyn Steinkraus, Esq.
    Florida Bar No. 125132
    kaelyn@zieglerlawoffice.com

    Law Office of Michael A. Ziegler, P.L.
    2561 Nursery Road, Suite A
    Clearwater, FL 33764
    (p)  (727) 538-4188
    (f)  (727) 362-4778
    Attorneys and Trial Counsel for Plaintiff